IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY RICHARD MARTS II                                                                    PETITIONER

V.                              No.  2:13-cv-2074

LARRY NORRIS, Director
Arkansas Department of Corrections                                                RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed March 8, 2013 under 28 U.S.C. Section 2254.  No service was authorized and therefore no Response has been filed.

### I.  Background

Billy Marts was charged in Sebastian County Circuit Court in case number CR 1996-1073 with Possession of Methamphetamine with Intent to Deliver and Possession of Drug Paraphernalia.  The Petitioner was convicted at a jury trial and sentenced to life imprisonment and three years concurrently.  The sentence was affirmed by the Arkansas Supreme Court in April 1998. (*See Marts v. State*, 332 Ark. 628, (1998)).

The mandate on the state conviction was issued May 28, 1998. Petitioner attempted to fax his Rule 37 petition to the Sebastian County Circuit Clerk on July 27, 1998, at 9:17 p.m. Apparently, the fax number appellant used was not the correct number for the clerk's office. The following morning the petition was filed at the clerk's office.

The Circuit Court held a hearing on the timeliness of the Rule 37 petition as well as the

substance of the claim on September 23, 2008 and ultimately finding the Rule 37 Petition to be timely and granted the Petitioner a new trial on December 11, 1998. The State appealed the trial court's decision.  The Arkansas Supreme Court reversed the trial court's decision, finding that the Rule 37 Petition was not timely filed, thereby depriving the trial court of jurisdiction. (*See State v. Marts*, 2000 WL 1649511).  The result was that the Petitioner's conviction was reinstated and he was delivered to the Arkansas Department of Corrections in 2000.

Petitioner filed a Motion under 28 U.S.C. §2254 in the Unites States District Court for the Western District of Arkansas on December 6, 2001. (2:01-cv-02302; ECF No. 1). The Petition contended that his trial counsel was ineffective for failure to pursue a defense at trial that his wife and police had placed the drugs on his person prior to his arrest. (Id.). A hearing was conducted by the Magistrate Judge and a Supplemental Report and Recommendation was submitted on August 21, 2002. (Id., ECF No. 15).  The Petition was dismissed by the District Judge on September 6, 2002. (Id., ECF No. 19).  The District Judge also denied a certificate of appealability which was affirmed by the Eighth Circuit on March 13, 2003. (Id., ECF No. 26).

The Petitioner filed the current Motion on March 18, 2013under 28 U.S.C. §2254 contending that his attorney failed to advise him of a plea offer made by the State prior to trial and that he would have accepted the offer if it had been conveyed to him. (ECF No. 1).

## II.  Discussion

### A.  Court of Appeals Approval:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.  See 28 U.S.C.A. § 2244 (3)(A).

The Petitioner filed his first 2254 motion in this court on December 6, 2001 (See 2:01-cv-02303) which was dismissed on September 6, 2002 (Id., ECF No. 16).  The Petitioner has not obtained permission from the 8th Circuit Court of Appeals to pursue a second motion under 2254 and therefore his petition is subject to dismissal.

**B.  New Constitutional Law Grounds:**

28 U.S.C. §2244 provides that " (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless– (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Petitioner argues that his petition is timely because "it is filed within one (1) year of the opinion in *Missouri v Frye*, 132 S.Ct. 1399 in which the Supreme Court made clear that the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected by counsel." (ECF No. 1, p. 2). The Petitioner went on to argue that in considering "the Court's plain language and its normal meaning, there can be no doubt that the Court considered the result an intervening change of law and applies retro-active as was complained of by Justice Scalia." (Id., p. 3).

The Eighth Circuit, however,  has specifically held that the "Supreme Court's rulings in *Missouri v. Frye* and *Lafler v. Cooper*, in which the Court acknowledged that defendants had a constitutional right to effective assistance of counsel with respect to plea offers that lapse or are rejected, did not announce a new rule of constitutional law, and thus, those rulings could not form basis for the defendant's filing of a second motion to vacate, set aside or correct his

sentence. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255(h)(2). *Williams v. U.S.,* 705 F.3d 293 (C.A. 8, 2013).  Other circuits are in agreement with the 8th circuit that Frye and Lafler do not articulate "a new rule of constitutional law."   See *U.S. v. Medina*, 2013 WL 500708 (C.A. 10, 2013); *In re King*, 697 F.3d 1189 (C.A. 5, 2012); *In re Perez*, 682 F. 3d 930, 933-934 (C.A. 11, 2012).

Since the Petitioner's substantive claim that *Frye* created a new rule of constitutional law is without merit his claim is subject to dismissal with prejudice.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this March 15, 2013

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE